DOZER *vs.* SQUIRES, DONNAUD ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, FOR THE PARISH OF LAFOURCHE INTERIOR, THE JUDGE OF THE FOURTH PRESIDING.

A person who has a mere equitable interest in property, is not allowed to question the validity of a sale of it, when he permitted the legal title to remain in another, and when it passed into the hands of *bona fide* purchasers, without notice.

This suit is composed of two consolidated cases, of Dozer *vs.* Squires, and Dozer *vs.* Donnaud, and others, called in warranty, in which the plaintiff claims two half lots of ground, situated in the town of Thibodeauxville, and in the possession of the defendants, Squires and Donnaud.

The plaintiff shows that he was owner of the entire lot in question, and that in January, 1831, the deputy marshal levied an execution thereon, which issued on a judgment obtained in the United States District Court for the Eastern District of Louisiana, by the postmaster general, against him, and the lot was, after two advertisements, sold the 1st April, 1831, and adjudicated to Pierre Cazeaux, for the sum of three hundred dollars, in a twelve months bond.

The plaintiff further shows, that trusting to Cazeaux to pay the twelve months bond, and fearing no disturbance, he

refunded to him the amount, and did not immediately pro-
cure a re-transfer of the title to said property ; but that before
the expiration of the bond, Cazeaux died, and his heirs or
legal representatives having failed to pay the bond when it
became due, the lot of ground was seized and sold to satisfy
the amount thereof.

EASTERN DIST.
*March,* 1839.

DOZER
*vs.*
SQUIRES ET AL.

The present defendants derive their title from the sale on
the twelve months bond by the deputy marshal. The
plaintiff alleges various informalities and nullities in said sale,
which he prays may be annulled and set aside, and that he
be declared the true owner, and have judgment for the rents
and profits accruing from the property.

The defendants set up title and called in their warrantors
to defend.

The district judge rendered judgment upon the evidence
in the case, in favor of the plaintiff, decreeing him the pro-
perty, and reserving for future trial the question of rents,
profits, and improvements, between the parties. The heirs
of Pierre Cazeau, called in warranty, appealed.

*Beatty,* for the plaintiff and appellee.

*Miles Taylor,* for the appellants.

*Eustis, J.,* delivered the opinion of the court.

The plaintiff claims two lots of land, which are in the
possession of the principal defendants. He alleges, that the
lot, which has since been subdivided, originally belonged to
him, and was illegally sold by the marshal of the United
States, on an execution issued against him from the court
of the United States, and sets up several causes of illegality
in the sale. It appears, however, that he permitted the
vendee to remain in possession of the property, that he fur-
nished him with the money to pay a part of the price—that
part which could lawfully be paid to the creditor on the exe-
cution—and stipulated in a written lease that the lessee
should pay the rent, for a term of years, to the purchaser.
Of these facts the records contain written proof.

On the twelve months bond given for the property by Cazeaux, the purchaser, it was again sold, under execution which issued against him on the 10th of April, 1833, to Maggioli, from whom it passed by several mesne conveyances to the present possessors.

The validity of the sale to Cazeaux, we are of opinion, cannot be contested by the plaintiff, because it has been voluntarily executed by him ; that such is the necessary consequence of his acts.

He suffered the property to be seized and sold as the property of Cazeaux, in whose name it stood under the sale from the marshal. Admitting that he had an equitable interest in the property, by the sale to Maggioli his equity was extinguished, and the property passed unincumbered through the hands of the different intermediate proprietors to the present owners, neither of whom are pretended to be charged with notice. A person who has a mere equitable interest in property is not allowed to question the validity of a sale of it, when he permitted the legal title to remain in another, and when it has passed into the hands of *bona fide* purchasers without notice. See the case of *Harris* vs. *Denison,* 8 *Louisiana Reports,* 543. This view of the subject renders it unnecessary to consider the other points made by counsel.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendants, with costs in both courts.

A person who has a mere equitable interest in property, is not allowed to question the validity of a sale of it, when he permitted the legal title to remain in another, and when it passed into the hands of *bona fide* purchasers without notice.